## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**Civil Case Number:** _____

Diana Vo,

              Plaintiff,

vs.

Alpha Recovery Corp.,

              Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Diana Vo, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Diana Vo ("Plaintiff"), is an adult individual residing in St Petersburg, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, Alpha Recovery Corp. ("Alpha"), is a Colorado business entity with an address of 6912 S Quentin Street, Suite 10, Centennial, Colorado 80112, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Alpha for collection, or Alpha was employed by the Creditor to collect the Debt.

9. Alpha attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Alpha Engaged in Harassment and Abusive Tactics**

10. On or about May 12, 2021, Alpha left a voicemail message on Plaintiff's father's cellular telephone in an attempt to collect the Debt from Plaintiff.

11. In its voicemail message, Alpha disclosed (1) the name of the collection agency, (2) that the call was from a debt collector, and (3) that Plaintiff owed a debt.

12. Plaintiff's father did not co-sign for the Debt and is not responsible for its repayment.

13. Plaintiff did not give Alpha permission to disclose the Debt to her father.

14. Alpha's actions caused Plaintiff a great deal of embarrassment, humiliation and distress.

C. **Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint as though fully stated herein.

18. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties and identified its employer not when expressly requested.

19. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

21. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

27. The Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint as though fully stated herein.

28. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 17, 2021

Respectfully submitted,

By  */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
FL Bar No.: 1026228
LEMBERG LAW, LLC
11555 Heron Bay
Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: slemberg@lemberglaw.com